IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| HAZEL LEE | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | No. 18-196 |
| | : | |
| SCHOOL DISTRICT OF PHILAELPHIA | : | |

**ORDER**

AND NOW, this 11th day of February, 2019, upon careful and independent consideration of pro se Plaintiff Hazel Lee's Motion for Reconsideration of District Court to Decide the Attorney's Fees and Costs and Removal from Public Viewing of Magistrate's Report and Recommendation Dated November 1, 2018, Docket Number 43, in Civil Case Number 18-196—which this Court construes as objections to Magistrate Judge Marilyn Heffley's November 1, 2018, Report and Recommendation—and after de novo review of the Report and Recommendation and Lee's objections thereto, it is ORDERED:

1. Lee's objections to the Report and Recommendation (Document 44) are OVERRULED[1];

---

[1] Plaintiff Hazel Lee, who has a juris doctorate but proceeds pro se, filed the above-captioned action on January 17, 2018, asserting employment discrimination claims against the School District of Philadelphia (SDP). The parties ultimately entered into a settlement agreement during Lee's deposition on July 6, 2018, the terms of which were memorialized in a signed document and read into the record during her deposition. As a result of the settlement, an order was entered on July 11, 2018, dismissing the case. Shortly thereafter, Lee filed a motion to vacate the dismissal order and a motion seeking, among other relief, attorney's fees and compensatory damages. This Court referred her motions to Magistrate Judge Marilyn Heffley for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After Magistrate Judge Heffley issued her November 1, 2018, Report and Recommendation (R&R), Lee filed the above-referenced motion, arguing Magistrate Judge Heffley erred in recommending that Lee's motion for attorney's fees and compensatory damages be denied and requesting this Court seal the R&R on the basis that it contains highly-sensitive and confidential personal information. As the majority of Lee's motion challenges the factual findings and legal conclusions contained in the R&R, the Court construes the arguments in Lee's motion as objections to the R&R. *See* 28 U.S.C. § 636(b)(1)(C).

Lee first asserts that she is entitled to attorney's fees and costs as a prevailing party in a lawsuit alleging discrimination under state and federal statutes. She contends the R&R inaccurately

found she was not a prevailing party because "one hundred percent of her original request for relief was met by [the SDP]" and she attempted to settle the case. Mot. for Recons. 5-6, ECF No. 44. For the reasons already explained in the R&R, Lee's argument is unpersuasive. As the R&R noted, when the terms of Lee's settlement agreement are viewed as a whole, Lee's success is nominal. While Lee did receive $1,000 and the removal of negative records from her employee file, she received far less than her $85,000 demand for damages and also agreed to (1) provide a full and complete general release of all claims; (2) resign no later than the end of the 2018-19 school year; and (3) agreed to a permanent bar from any future employment by the SDP. *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (holding that "the prevailing party inquiry does not turn on the magnitude of the relief obtained"); *see also Velius v. Twp. of Hamilton*, 466 F. App'x 133, 140-41 (3d Cir. 2012) ("We read *Farrar* to grant district courts substantial discretion to decide whether no fee or some fee would be reasonable, as long as they acknowledge that a nominal damages award is presumptively a technical victory that does not merit an award of attorneys' fees."). In any event, "pro se litigants, attorneys or not, cannot recover statutory attorneys' fees." *Elwood v. Drescher*, 456 F.3d 943, 947 (9th Cir. 2006) (citing *Kay v. Ehrler*, 499 U.S. 432 (1991)). Lee, despite her status as a member of the bar, appeared in this case pro se and relied on her pro se status in making arguments to the Court. Thus, even if she was more than nominally successful, she would not be entitled to attorney's fees.

Lee also requests that this Court seal the R&R. However, judicial records are subject to a strong common law presumption of public access. *See In re Cendent Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). As such, the Third Circuit

> has made it clear that [its] strong presumption of openness does not permit the routine closing of judicial records to the public. The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.

*Miller v. Indiana Hosp.* 16 F.3d 549, 551 (3d Cir. 1994). Lee has failed to make such a showing. Lee makes the blanket assertion that the R&R "releases to the public viewing unnecessary and unauthorized highly sensitive personal information . . . unnecessary damaging opinions, attorney-client privileges and violates the School District Employee Handbook and Pennsylvania Personnel File[s] Act," Mot. for Recons. 1, ECF No. 44, but the R&R contains no such information. While the R&R does contain terms of Lee's settlement agreement, Lee no longer has a privacy interest in the terms of her settlement agreement because she chose to petition the Court to vacate her settlement agreement and request attorney's fees, requiring interpretation of the agreement and resulting in Magistrate Judge Heffley's recommendation that that the terms of the settlement be enforced. *See Enprotech Corp. v. Renda*, 983 F.2d 17, 21 (3d Cir. 1993) (explaining that a settlement agreement does not "become a part of the public record unless and until the district court [] orders the parties to comply with its terms"). Furthermore, the R&R neither contains any embarrassing information nor any information about the content of Lee's employment records. Lee has therefore failed to make a good cause showing to overcome the "strong presumption of public access." *See In re Cendent Corp.*, 260 F.3d at 196. To the extent Lee argues the Court's failure to seal the R&R violates the Philadelphia School District Handbook or the Pennsylvania Personnel Files Act, the Handbook is not binding on this Court, and it is unclear how the Personnel Files Act establishes any basis to seal the R&R. *See* 43 Pa. Cons. Stat. § 1321 et seq.

Finally, Lee asks the Court to "reconsider" her request for "compensatory costs for loss of reputation." Mot. for Recons. 5, ECF No. 44. However, because the R&R found that Lee's settlement agreement was binding and Lee does not object to this finding, the Court will not address

2. The Report and Recommendation (Document 43) is APPROVED and ADOPTED;

3. Lee's Motion to Vacate Dismissal Order Dated July 11, 2018 and Reopen Civil Case and Motion for Attorney's Fees and Costs (Documents 30 & 33) are DENIED; and

4. The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

this repeated request for relief. To the extent Lee raises any new issues in the above-referenced motion that could have been presented to Magistrate Judge Heffley, these will not be considered by the Court either. *See* Local R. Civ. P. 72.1.IV(c) ("new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge"). Accordingly, Lee's objections to the R&R are overruled, and the R&R is approved and adopted.